IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO C.M., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CENTRAL VALLEY ANNEX, *et al*., <br><br> Respondents. | Civil No. 1:26-cv-04674-MWJS <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 236-137-002 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Norberto C.M.[1] was, at the time this case was filed, detained at the

Central Valley Annex pending the resolution of his removal proceedings.  He initiated

this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No.

1, in which he alleged that his detention violated both the Due Process Clause of the

United States Constitution and the Immigration and Nationality Act.  He

simultaneously moved for a temporary restraining order, Dkt. No. 3, and the court

ordered Respondents to show cause why the motion should not be granted, Dkt. No. 6.

The government timely responded to the order to show cause, and indicated in its

---

[1]　　For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

response that it did not oppose converting the motion into a motion for preliminary injunction.  Dkt. No. 7.  Petitioner timely replied.  Dkt. No. 8.  Neither party requested oral argument.

The court converted the motion into a motion for preliminary injunction, granted it, and ordered Petitioner's release on July 9, 2026.  *Norberto C.M. v. Warden, Cent. Valley Annex*, No. 1:26-cv-04674, 2026 WL 1992747 (E.D. Cal. July 9, 2026); Dkt. No. 9.  The court enjoined and restrained Respondents from re-detaining Petitioner absent compliance with constitutional protections—including at a minimum pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, as well as a timely hearing at which the government would bear the burden of establishing that Petitioner poses a danger to the community or flight risk by clear and convincing evidence—except under exigent or urgent circumstances.  *Id.* at pgs. 15-16.  And it further ordered the parties to meet and confer and, "if possible, submit a joint statement" within fourteen days of the order's entry indicating "whether they request further briefing and/or a hearing on the underlying petition, or whether they are amenable to the court entering judgment thereon.  *Id.* at pg. 17.  On July 23, 2026, the parties timely submitted a "Joint Statement of Waiver of Further Briefing" in which they confirmed that they had met and conferred and were both "amenable to the Court ruling on the underlying Petition for Writ of Habeas Corpus without further briefing."  Dkt. No. 10.

2

For the reasons indicated in the court's order granting a preliminary injunction—and in other cases, *see, e.g., De La Garza v. Albarran*, No. 25-cv-10305, 2025 WL 3485157 (N.D. Cal. Dec. 4, 2025); *Villanueva-Montanez v. Lyons*, No. 2:26-cv-00954, 2026 WL 797930 (E.D. Cal. Mar. 23, 2026); *Anderson v. Chernut*, No. 1:26-cv-01960, 2026 WL 809990 (E.D. Cal. Mar. 24, 2026)—the Petition is GRANTED as to Count One.  And because it is unnecessary to resolve the remaining counts in the petition, the court declines to do so. The preliminary injunctive relief previously granted, Dkt. No. 9, is made permanent.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:      July 27, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04674-MWJS; *Norberto C.M. v. Warden, Central Valley Annex,* et al.;
ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS